**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:16-CR-88-HAB |
| MAURICE SEWELL | |

**OPINION AND ORDER**

The Defendant, Maurice Sewell, has pled guilty to possession with intent to distribute a controlled substance (Count 3 – 21 U.S.C. § 841(a)(1)), and unlawful possession of a firearm by a felon (Count 4 – 18 U.S.C. § 922(g)(1)). He is awaiting sentence. This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea [ECF No. 95], which is directed at Count 4 only, the felon in possession charge. Defendant cites the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and Federal Rule of Criminal Procedure 7(c)(1) as providing the grounds for withdrawal.

**ANALYSIS**

Federal Rule of Criminal Procedure 11 governs a defendant's request to withdraw a plea of guilty. It allows a defendant to withdraw such a plea after the court accepts the plea and before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Seventh Circuit has "frequently observed that a defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (quotation

marks, citations, and brackets omitted); *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001).

Count 4 charges that Defendant, having previously been convicted of felony offenses in 2001, 2007, and 2012 "did knowingly possess in and affecting commerce a firearm." (Indictment, Count 4, ECF No. 1). However, the Supreme Court's decision in *Rehaif* established that the government is required to prove that a defendant knew his status as a convicted felon at the time he possessed the weapon for which he is charged in the Indictment. *Rehaif*, 139 S. Ct. at 2194. Therefore, Count 4, which limits Defendant's mens rea to his knowing possession of a firearm, does not contain an essential scienter element of the crime and violates Rule 7(c)(1).[1]

In response, the Government asserts that a plea of guilty constitutes an admission of the material elements of a crime and waives all non-jurisdictional defects. Defects in an indictment, including failure to comply with Rule 7(c)(1), are not jurisdictional. The transcript of Defendant's change of plea hearing reveals that Defendant admitted all the elements of the § 922(g)(1) offense, including that he was aware that he had previously been convicted of felony offenses. His admission went a step further when he stated that he knew that he was prohibited from possessing a firearm. Additionally, even if Defendant had not waived any right to challenge the sufficiency of the Indictment, Count 4, according to the Government, is constitutionally sufficient as alleged.

---

[1] Rule 7 sets out the nature and contents of a criminal Indictment. Under the Rule, an Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

In his reply brief, Defendant asserts that it matters not whether Defendant knew he was a felon prior to entering the guilty plea or whether he admitted as much during his change of plea hearing. Instead, the point is that Defendant "did not know the government was required to prove to both the grand jury and to a trial jury that he knew he was a felon at the time he possessed the weapon in question." (Reply 4.) Thus, because he was not made aware of all the elements of the § 922(g)(1) charge, his plea on that count was not entered knowingly. Defendant's reply also distinguishes the cases upon which the Government relied to assert that Count 4, as alleged, sufficiently advised Defendant of the charges against him. Finally, he contends that principles of contract law dictate that the mutual mistake regarding the elements of the offense require that his Plea Agreement with the Government be voided.

**A.  The Change of Plea Hearing**

During the March 14, 2019, change of plea hearing, Magistrate Judge Susan Collins read Count 4 of the Indictment to Defendant. She then stated that the essential elements of the charge were that (1) Defendant knowingly possessed a firearm (2) he was a person convicted in a court of a crime punishable by a term exceeding one year at the time he possessed that firearm, and (3) the possession of the firearm was in or affecting commerce. (ECF No. 109 at 3.) The Magistrate Judge then asked Defendant what he did that made him think he was guilty of the firearm offense, as well as the drug trafficking offense. Defendant admitted that he sold cocaine to another person on November 18, 2016, and that he also possessed a firearm on that date. Additionally, he agreed that before that time, he had been convicted of some felonies in Allen County.

3

During the Government's presentation of what the evidence would be if the case went to trial, it noted that Defendant made statement to agents during a custodial interview wherein he admitted that he had several felony convictions and that he was prohibited from possessing a firearm. (ECF No. 109 at 7.) Defendant's statements to law enforcement were recorded. Defendant agreed with the Government's recitation of the facts and entered his plea of guilty to Count 4 of the Indictment.

**B.     Defects in the Indictment Versus Knowing and Voluntary Plea**

Defects in an indictment do not deprive a district court of jurisdiction over the case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Lefkowitz v. Newsome*, 420 U.S. 283, 288 (1975) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006) ("[A]n unconditional plea of guilty operates as a waiver of all formal defects in the proceedings . . . that occurred before the plea was entered.").

However, that is not to say that Defendant cannot withdraw his plea of guilty on the ground that there was some defect *during* the change of plea proceeding that implicated due process. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) (explaining that defendant who enters guilty plea waives privilege against compulsory self-incrimination, right to trial by jury and right to confront his accusers, and for this waiver

to be valid under due process clause it must be an intentional relinquishment or abandonment of a known right or privilege).

> Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

*Id.* (footnote omitted). Federal Rule of Criminal Procedure 11 "sets up many requirements that are intended to assure that a defendant's guilty plea is knowing and voluntary." *United States v. Fard*, 775 F.3d 939, 943 (7th Cir. 2015).

A plea "cannot be said to have been knowingly and voluntarily" entered "[u]nless the defendant understands the elements of the crime he is admitting." *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994) (citing *United States v. Musa*, 946 F.2d 1297, 1303 (7th Cir. 1991)); *see also United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004) ("[A] plea is not voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.") (quotation marks omitted). To this end, Rule 11 requires that a federal court determine that a defendant understands "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11 (b)(1)(G).

Courts apply a "totality of the circumstances" approach to determine if a defendant understood the nature of the charge to which he admitted guilt. *See Musa*, 946 F.2d at 1304; *see also United States v. Fernandez*, 205 F.3d 1020, 1026 (7th Cir. 2000) (applying the totality of the circumstances approach to conclude that defendant's guilty plea was

5

not knowing and voluntary where "guilty plea enveloped in confusion and misunderstanding"). The relevant factors for consideration may include "(1) the complexity of the charge; (2) the defendant's level of intelligence, age, and education; (3) whether the defendant was represented by counsel; (4) the district judge's inquiry during the plea hearing and the defendant's own statements; and (5) the evidence proffered by the government." *Fard*, 775 F.3d 939, 944 (7th Cir. 2015) (first quoting *United States v. Pineda–Buenaventura*, 622 F.3d 761, 770 (7th Cir. 2010), then citing *Fernandez*, 205 F.3d at 1025); *Bradley*, 381 F.3d at 645.

Most of these factors are not particularly relevant to the Defendant's plea and the Motion to Withdraw now pending before the Court. The factors are intended to aid in determining whether a defendant was fully aware of the nature of the crime that he was pleading guilty to. Here, there is no dispute that one of the essential elements of Count 4 was not communicated, as the Supreme Court had not yet decided *Rahaif* when Defendant entered his plea. Thus, it matters not that a § 922(g)(1) charge is, normally, not complex in nature, or that Defendant was represented by counsel. What seems more pertinent in this case is that the evidence proffered by the Government, and admitted by Defendant, satisfied the unexpressed scienter element. Thus, to the extent some portion of the "nature" of the crime was not fully appreciated by the parties, it did not fundamentally alter the proceedings or Defendant's understanding of the unlawfulness of his conduct.

The Court thinks it appropriate to consider whether the scienter element is one that might have changed the calculus Defendant used to plead guilty. Several factors

6

point to the conclusion that Defendant's knowledge and comprehension of the full and correct information would not have affected his willingness to plead guilty.

First, Defendant's history includes three sentences of more than one year of imprisonment for serious felonies. Had Defendant gone to trial, and not stipulated that he was aware that he was a prohibited person, the Government would have been able to introduce evidence of all three convictions to establish Defendant's knowledge of his status. He received a six-year sentence in 2001 for dealing cocaine, with five years suspended. His suspended sentence was later revoked. For residential entry and strangulation charges in 2007, he pled guilty and received two years, with 1 ½ years suspended. In 2012, Defendant received a six-year term of imprisonment for dealing cocaine, and he served several years in prison. Defendant has made no challenges to his status, nor to any facts that would suggest he was confused about his status. *Cf. Rehaif*, 139 S. Ct. at 2198 (explaining how convicted felon might lack knowledge of his status if, for example, he was "convicted of a prior crime but sentenced only to probation, [and therefore] does not know that the crime is '*punishable* by imprisonment for a term exceeding one year'" (quoting 18 U.S.C. § 922(g)(1) (emphasis in original)).

Second, Defendant made recorded statements to law enforcement that he was aware of his status as a convicted felon and that he knew he was prohibited from possessing a firearm. Notably, this admission was not made during court proceedings such that Defendant could argue he was stating facts that were necessary to obtain a reduction in his Guideline sentence for acceptance of responsibility—a claim that he could not make in any event given the timing of *Rahaif*.

7

Finally, Defendant's bargained-for plea benefits likely impacted his decision to plead.[2] In exchange for his plea, the Government agreed to a binding term of 188 months of imprisonment. This is at the low end of his presumptive range of 188 to 235 months. (*See* Draft PSR, ECF No. 85.) Choosing to forego a plea yields no appreciable avenue to acquittal on Count 4. On the other side, going to trial creates considerable risk by exposing Defendant to the maximum term of 30 years of imprisonment for the drug trafficking offenses, as well as the statutory range of 15 years to life imprisonment for Count 4. Even the Guideline range would increase because Defendant would no longer qualify for the acceptance of responsibility reductions.

A guilty plea admitting all the elements of the charged crime in order to obtain benefits from the Government seems an unlikely candidate for withdrawal without some reasonable chance of prejudice to a legitimate interest of Defendant. But Defendant has not attempted to demonstrate any palpable prejudice. It appears that Defendant's only recognizable interest is to have a chance that a jury might reach a verdict against the evidence.

Such an interest is drastically different from the one presented in *United States v. Bradley*. In that case, the defendant pled guilty to carrying a firearm during a drug

---

[2] Defendant asserts that a mutual mistake voids his Plea Agreement. Defendant has not pointed to any essential term in the Plea Agreement that was the result of a mutual mistake. *See United States v. Cieslowski*, 410 F.3d 353, 362 (7th Cir. 2005) (noting that a mutual mistake must go to a basic assumption of the agreement or affect the agreed exchange of performances). Defendant agreed that he would plead guilty to Count 4 because he was in fact guilty of the offense, which charged that he unlawfully possessed a firearm. That is precisely what occurred because Defendant was, in fact, guilty of violating § 922(g)(1). In exchange, the Government agreed to a binding term of imprisonment and dismissal of other counts. Accordingly, the Court finds this argument to be without merit.

trafficking crime in violation of § 924(c). He later attempted to withdraw his guilty plea after the government only produced evidence that he had been guilty of possession of marijuana, which is not a drug-trafficking crime and thus not a predicate to § 924(c). *Bradley*, 381 F.3d at 644. In that case, not only did confusion about a necessary element permeate the proceedings, but the facts admitted did not actually establish a § 924(c) violation. Here, in contrast, there was no affirmative misstatement of the elements (as opposed to an incomplete statement), and Defendant admitted a factual basis for all the elements.

In *United States v. Fernandez*, a defendant pled guilty to conspiracy to distribute marijuana. However, the nature of a conspiracy was never explained to defendant and the exchange between the court and the defendant did not establish which facts defendant admitted. 205 F.3d at 1027 (finding that defendant's "accounts of what acts he admitted and those he denied were very murky," and that he twice stated that he "was only 'partially' guilty"). In fact, so much confusion existed during the hearing that the court resorted to asking the interpreter questions directly. *Id.*

In *United States v. Frye*, 738 F.2d 196, 200 (7th Cir. 1984), the requisite intent to commit the charged offense was not explained and defendant never admitted that she had the intent to steal required for a conviction under the federal bank larceny statute. In *United States v. Fard*, the court never explained "intent to defraud" or defined a fraudulent scheme, and defendant "never admitted to acting with intent to defraud." 775 F.3d at 945 (finding that the colloquy revealed that defendant "was indeed confused about the

concept of fraudulent intent and was equivocal in many of his answers to the court regarding his actions").

Defendant was charged with violating 18 U.S.C. § 922(g)(1). He thereafter admitted all the elements required to enter a conviction under § 922(g)(1). Admittedly, it is accurate to say that when Defendant waived the right to make the Government prove that he knew he was a convicted felon at the time he possessed the firearm he was not aware that he was waiving this right. However, the requisite conduct—possession of a firearm even though he knew he was a convicted felon—was discussed and established before the Court accepted his plea of guilty. Defendant's plea, then, is on distinguishable ground from the cases cited above. Moreover, viewing the facts of this case, it is difficult to imagine that Defendant would have assessed his strategic position differently based merely on the recitation of the additional element. His case is not one where the "likelihood of acquittal—and by extension [his] willingness to plead guilty—shifted substantially after *Rahaif*." *United States v. Williams*, No. 19-1358, 2020 WL 111264, at *4 (7th Cir. Jan. 10, 2020) (applying plain error standard of review to request to withdraw guilty plea on direct appeal); *see also id.* at *5 (explaining that because defendant had not explained how *Rehaif* has made going to trial a less foolish choice than it was when he entered his guilty plea, "his only other option is to explain why *Rehaif* has made him choose more foolishly").

The Court finds that the recognition of a new element bearing on the Government's burden of proof does not, in this case, present a "fair and just" reason to permit Defendant to withdraw his guilty plea to Count 4 as requested.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion to Withdraw Guilty Plea [ECF No. 95] as to Count 4. Sentencing will be set by separate order of the Court.

SO ORDERED on January 17, 2020.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT